———————o———————

No. 4383.

Court of Appeal, Parish of Orleans.

## SUCCESSION OF CHARLES I. KEIL.

Where a partner purchases without a preceding liquidation, his partner's interest in the partnership, the latter will acquire no vendor's lien on specific articles of partnership property or their proceeds, particularly, where, as in this case, the stock was sold confusedly with merchandise subsequently acquired, and no separate appraisement was had of the former partner's undivided interest in any article formerly belonging to the partnership.

Appeal from Civil District Court, Division B.

N. E. Humphrey, Attorney for Succession.

J. F. C. Waldo, Howe, Spencer & Cocke & Sol Wolff, Attorneys.

Dinkelspiel & Hart, B. Bruenn, R. E. Foster & F. R. Richardson, Attorneys for Appellant.

ESTOPINAL, J.  Charles I. Kiel, died intestate, and his widow was appointed administratrix.  An inventory of his estate was had, showing alone the contents of a certain machine shop owned by the deceased at the time of his death.  This property was in due course sold in the Succession proceedings, and thereupon the Administratrix filed her account, proposing to distribute such proceeds to certain privileged creditors, and the remainder among a number of ordinary creditors named on the account.  To this account three oppositions were filed, one of which was made by E. S. Taylor, the appellant, alleging himself to be a privileged creditor of the deceased in the sum of five hundred and thirty-three dollars ($533.00), with eight per cent interest from November 14, 1904, and that he had not been placed on the account at all.

Taylor avers that the amount was due him as the purchase price of the property inventoried in the Succession, a part of which he had sold the deceased.

The evidence in this case shows the existence up to sometime during the year 1904, of a limited corporation known as the "Keil Iron Works," at about which time Keil (deceased) bought from E. S. Taylor, the sole other stockholder, his interest in the corporation, thereby becoming the owner of all the stock in the company.  It further appears that Keil assumed at the time of the purchase, all the outstanding debts of the corporation. It is contended that Keil, having purchased of Taylor certain shares of stock in a corporation, the latter, as the vendor of such shares of stock has no privilege on the proceeds of the sale in bulk of the property belonging to Keil.

The soundness of this contention may not be doubted, and were the facts adduced in this case conclusive of the transfer of shares of stock, there would need be no further discussion of the question.

Opponent contends, however, that there was no sale of shares of stock, but that the Keil Iron Works was a co-partnership, composed of Keil and Taylor, of which Keil had become the sole proprietor by the purchase of Taylor's interest in the partnership.

The record is not clear as to whether the sale to the deceased involved the transfer of Taylor's stock in a limited corporation, or whether the company was treated by Taylor and Keil as a co-partnership. Certainly, if viewed as a limited corporation, the sale by Taylor to Keil of his shares of stock in the corporation carried with it no privilege or lien on the physical property of the company. If, on the other hand, the company be viewed as a copartnership, as contended by opponent to be, there is a missing link in the transaction which places him (opponent), in the same situation, to all intents and purposes, as though he had sold shares of stock.

The affairs of the company were not liquidated, and the sale was, therefore, that of the residuary interest. No specific property was conveyed. This could have been determined only by a liquidation of the partnership, by which method it would have been shown what Taylor did sell.

It is further shown by this record that the stock was sold confusedly with merchandise and subsequently acquired by the purchaser and no separate appraisement of such was made.

Our attention is directed to the case of Danneel vs. Klein, 47 A. 928, in which the principle involved herein is discussed, and leads us to the conclusion before stated, that vendor's privilege upon an undivided half interest in a co-partnership of movables, does not attach, unless there be a liquidation of the partnership property and the sale of enumerated or specific property comprising such half interest.

The record shows that the Administratrix managed her husband's business for a year preceding his death. By her testimony she proves amply the correctness of certain claims contested by opponent, with one exception, to-wit: that of H. L. Lazarus, Esq., for twenty-five dollars ($25.00), about which there is no proof, the administratrix stating that she knew nothing about it.

After a patient examination of the record we are satisfied that the judgment of the District Court does substantial justice, but needs amending in two particulars, and that is by striking out and disallowing the claim of H. L. Lazarus, Esq., and allowing interest on opponent's claim, who has been properly set down as an ordinary creditor at the rate of eight per cent from November ———, 1904.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be so amended as to strike out therefrom the item of twenty-five dollars ($25.00), to H. L. Lazarus, Esq., and allowing interest on the claim of E. S. Taylor, opponent, at the rate of eight per cent from November ————, 1904, and that as thus amended, the same be affirmed, and that the costs of appeal be taxed against the Succession. Amended.